**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JOSE A. AVELAR, *et al*., | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:18-CV-101-TLS-JEM |
| | ) | |
| INDIANA GROCERY GROUP, LLC, *et al*.,) | | |
|     Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File an Amended Complaint [DE 38], filed on December 13, 2019. Plaintiffs seek to file a consolidated Amended Complaint alleging various employment discrimination claims against Defendants. Defendant Indiana Grocery Group filed a response in objection on December 20, 2019. Plaintiff filed a reply on January 10, 2020.

## I.    Background

By agreement of the parties, this case was consolidated with several others in which individuals made employment discrimination claims against at least one of Indiana Grocery Group, LLC ("IGG"), Strack and Van Til Supermarket, Inc., or SVT, LLC. IGG has argued that it never employed any of the plaintiffs, that it purchased assets from their true employers, Strack and Van Til and SVT, LLC, after those entities filed for bankruptcy, and that IGG has no "successor liability" for the actions of those entities. Plaintiffs now seek to file an consolidated amended complaint incorporating all of their discrimination claims against the three defendants. The proposed complaint alleges, in brief, that Strack and Van Til and SVT, LLC were "alter egos" of IGG, and that both SVT, LLC and IGG employed each plaintiff.

## II.    Analysis

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a

pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper

subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies

within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d

925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay,

bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir.

1991) (citing *Foman*, 371 U.S. at 183).

When new parties are added through an amended complaint, Federal Rule of Civil Procedure

20 is implicated. *See Chavez v. Ill. State Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). Defendants

may be joined to an action if "any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions

or occurrences; and (B) any question of law or fact common to all defendants will arise in the

action." Fed. R. Civ. P. 20(a)(2).

IGG argues that Plaintiffs' proposed amended complaint should be denied as futile, stating

that it did not employ any of the plaintiffs and is not liable for the actions of the two entities, because

IGG purchased their assets without assuming "successor liability." An amendment is "futile" if it

would not survive a motion to dismiss. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964,

974 (7th Cir. 2001). However, the proposed amended complaint alleges that IGG did employ each

plaintiff. *See* Proposed Amended Complaint [DE 38-1] at 3 ("[T]owards the end of their

employment, each plaintiff was employed specifically by [IGG] and SVT, LLC, each of whom issued paychecks to each plaintiff and . . . assigned employee numbers, tasks and duties to each plaintiff."). Although IGG disputes that claim, it would be accepted as true for purposes of a motion to dismiss. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (holding that a motion to dismiss is considered "accepting as true all well-pleaded facts alleged"). While the bankruptcy court order indicates that IGG purchased the other entities' assets "free and clear of all interests" including successor liability, IGG's response brief does not show why that would foreclose Plaintiffs' claims arising from the allegation that IGG directly employed them. Accordingly, IGG has not shown that amendment is futile. In addition, joinder is appropriate because the claims arise out of the same series of transactions or occurrences and questions of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

**III.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the Motion for Leave to File an Amended Complaint [DE 38] and **ORDERS** Plaintiffs to file the Amended Complaint, currently on the docket as an attachment to the instant Motion, on or before **January 29, 2020**.

SO ORDERED this 22nd day of January, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record